# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Plaintiff,<br><br>            v.<br><br>PAUL DOUGLAS WELDON<br><br>            Defendant. | 1:16-cv-1729-LJO-SAB<br><br>MEMORANDUM DECISION AND ORDER REMANDING CASE TO FRESNO COUNTY SUPERIOR COURT SUA SPONTE |

## I. INTRODUCTION AND BACKGROUND

Pro se Defendant Paul Douglas Weldon's seeks to remove to federal court pursuant to 28 U.S.C. § 1441 a misdemeanor case brought against him in Fresno County Superior Court.  On December 19, 2015, Defendant was charged with "driving when privilege suspended or revoked for driving under the influence of alcoholic beverage or drug," Cal. Veh. Code § 14601.2, in *The People of the State of California v. Paul Weldon*, case number M16914502.[1]  On April 8, 2016, Defendant entered a plea of nolo contendere and received a sentence consisting of 36 days of adult confinement and four years of probation, as well as fines.  Due to time served and other credits, Defendant did not serve any additional term of imprisonment and was released on probation on April 8.  On May 6, 2016, Defendant filed a notice of appeal with the Fresno County Superior Court, Appellate Division, which was assigned the

---

[1] Defendant did not attach any court documents, such as an indictment or judgement, to his notice of removal.  Unless otherwise indicated, all facts are drawn from court documents related to Defendant's case, of which the Court takes judicial notice as a matter of public record.  Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1   number 0002598.  On November 15, 2016, Defendant filed his notice of removal, in an attempt to

2   remove the misdemeanor action to this Court.  ECF Doc. 1.  Defendant alleges that the Court has

3   jurisdiction over this matter under 28 U.S.C. § 1331 and that removal was proper under 28 U.S.C. §

4   1441.  Doc. 1 at ¶ 2.

5   ## II. STANDARD OF DECISION AND ANALYSIS

6   Pursuant to 28 U.S.C. § 1441 ("§ 1441"), a defendant may remove to a federal district court "any

7   civil action" filed in state court if the federal court "would have original jurisdiction founded on a claim

8   or right arising under the Constitution, treating, or laws of the United States." (emphasis added).  The

9   removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to

10  the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)

11  (internal quotation marks and citations omitted).  A defendant seeking removal of an action to federal

12  court has the burden of establishing the grounds for federal jurisdiction.  *California ex rel Lockyer v.*

13  *Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  A district court has "a duty to establish subject matter

14  jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United*

15  *Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  After a case is

16  removed, "[i]f at any time before final judgment it appears that the district court lacks subject-matter

17  jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Bruns v. NCUA*, 122 F.3d 1251, 1257

18  (9th Cir. 1997).

19  Defendant has not met his burden of demonstrating that subject-matter jurisdiction is proper.

20  First and foremost, § 1441 provides only for removal of civil actions to federal court.  § 1441; *Durham*

21  *v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).  A misdemeanor action does not qualify

22  for removal under § 1441.[2] *See California v. Heldris*, No. C 98-0327 SI, 1998 WL 93339, at *1 (N.D.

23  _____

24  [2] Although 28 U.S.C. §§ 1442-43 permit removal of criminal actions in rare circumstances, *State of Mich. v. Garner,* No.

25  1:06-CV-146, 2006 WL 696518, *1 (W.D. Mich. Mar. 14, 2006) (citing cases); *see also Johnson v. Mississippi,* 421 U.S.

2

Cal. Feb. 12, 1998) (refusing to permit § 1441 removal of California misdemeanor case).

Second, in the notice of removal, Defendant asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." That is, under § 1331 the Court has jurisdiction over civil actions based on federal law. Here, the offense with which the State of California charged and sentenced Defendant is a criminal misdemeanor arising under California law. Section 1331 does not confer original jurisdiction over state criminal matters. As Defendant did not advance any other basis for subject-matter jurisdiction, the Court has no basis to conclude that jurisdiction is proper.

In his notice of removal, Defendant also invokes the Fourteenth Amendment's due process protections. This does not salvage Defendant's removal action. The asserted Fourteenth Amendment claim would constitute, if anything, a defense or counterclaim to the criminal charge at issue. An anticipated or actual federal counterclaim or defense is not sufficient to confer federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Additionally, the Court recognizes the "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Certain types of injuries, including the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" do not amount to the sort of irreparable injury that would justify interference with an ongoing state criminal action. *Id*. at 46. Accordingly, the present case does not present type of situation which would override the strong policy

213, 219 (1975) (explaining conditions for civil rights removals), the instant removal petition does not appear to involve any such circumstance. Even when removal of a criminal prosecution is permissible, the removal action must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). This action was filed over six months after Defendant entered his plea of nolo contendere and was sentenced.

against federal interference in state court proceedings, and accordingly the Court declines to exercise any such jurisdiction.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court lacks subject-matter jurisdiction over this matter. Accordingly, this case is REMANDED to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **November 21, 2016**           **/s/ Lawrence J. O'Neill**
                                           UNITED STATES CHIEF DISTRICT JUDGE